## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BILLY R. JOHNSON,

          Appellant,

      v.

OFFICE OF PERSONNEL
    MANAGEMENT,

          Agency.

DOCKET NUMBER
DA-0845-18-0023-I-1

DATE: July 24, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Billy R. Johnson, Jacksonville, Arkansas, pro se.

Appeals Officer, Washington, D.C., for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his Federal Employees' Retirement System (FERS) annuity overpayment appeal as settled. For the reasons set forth below, the appellant's

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

The appellant filed an appeal challenging an Office of Personnel Management (OPM) reconsideration decision finding that he was overpaid $22,888.00 in annuity benefits under FERS. Initial Appeal File (IAF), Tab 1 at 1-2, Tab 6 at 7-10. While the appeal was pending, the parties entered into a settlement agreement. IAF, Tab 12. The appellant agreed to withdraw his appeal in exchange for a repayment schedule of 305 monthly installments of $75.00, with one final monthly installment of $13.00. *Id.* After finding the agreement lawful on its face and that the parties understood its terms and entered into it freely, the administrative judge entered the agreement into the record for enforcement purposes and issued an initial decision dismissing the appeal as settled on February 13, 2018. IAF, Tab 13, Initial Decision (ID) at 1-2. The initial decision informed the appellant that the decision would become final on March 20, 2018, unless he filed a petition for review by that date. ID at 2.

More than 7 years later, on April 21, 2025, the appellant filed a petition for review of the initial decision.[2] Petition for Review (PFR) File, Tab 1. He seeks to appeal an April 2025 letter from OPM declining to terminate the settlement agreement and challenges the merits of the underlying overpayment

---

[2] With his petition for review, the appellant provides documents, including some that he received from OPM and other Federal agencies, medical documents dated December 2014 and June 2016, a letter he sent to the White House and the White House's response, and documents pertaining to his child support payments. Petition for Review File, Tab 1 at 10-41. The Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). The appellant's new evidence is not material to the timeliness issue, and the medical documents predate the filing period. Some of the evidence the appellant submits on review is in the record below and, accordingly, is not new. *See Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (stating that evidence that is already a part of the record is not new). Thus, the documents that the appellant submits on review do not provide a basis to disturb the initial decision.

determination. *Id.* at 5, 9, 11. He asserts that he signed the settlement agreement under duress and that he underwent brain and spinal cord surgeries in March and June 2016, which left him impaired in his hands and feet. *Id.* at 9.

The Clerk of the Board notified the appellant that, because he filed his petition for review more than 35 days following the issuance of the February 13, 2018 initial decision, it was untimely. PFR File, Tab 2 at 1. The Clerk explained to the appellant that the Board's regulations require a petition for review that appears untimely to be accompanied by a motion to accept the filing as timely and/or waive the time limit for good cause, and the Clerk set a deadline for the appellant to file such a motion and provided him with a sample motion. *Id.* at 2, 5. The appellant has not filed a response to the timeliness notice from the Clerk of the Board, and OPM has not filed a response to the petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

A petition for review generally must be filed within 35 days after the date of issuance of the initial decision or, if the appellant shows that the initial decision was received more than 5 days after it was issued, within 30 days after the date the appellant received the initial decision. 5 C.F.R. § 1201.114(e). The date of a filing submitted by mail is determined by the postmark date. 5 C.F.R. § 1201.4(*l*).

As previously noted, the initial decision provided the appellant with notice that March 20, 2018, was the last day on which he could file a petition for review with the Board. ID at 2. The appellant makes no allegation that he did not receive the initial decision or that he received it more than 5 days after it was issued. The appellant's petition for review was postmarked on April 21, 2025; thus, that is its filing date. PFR File, Tab 1 at 42. Therefore, it was untimely filed by more than 7 years.

The Board will waive this time limit only upon a showing of good cause for the delay. *Rivera v. Social Security Administration*, 111 M.S.P.R. 581, ¶ 4

(2009); 5 C.F.R. § 1201.114(g). To establish good cause, a party must show due diligence or ordinary prudence under the particular circumstances of the case. *Rivera*, 111 M.S.P.R. 581, ¶ 4. To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected the ability to comply with the time limit or of unavoidable casualty or misfortune that similarly shows a causal relationship to his inability to timely file the petition. *Id.*

Notwithstanding the appellant's pro se status, we find that he has failed to show good cause for a waiver of the filing deadline. His filing delay of more than 7 years is significant. *See Smith v. U.S. Postal Service*, 111 M.S.P.R. 341, ¶ 10 (2009) (finding a 3-year filing delay significant); *Wyeroski v. Department of Transportation*, 106 M.S.P.R. 7, ¶ 10 (finding a filing delay of over 3 years significant), *aff'd per curiam*, 253 F. App'x 950 (Fed. Cir. 2007). The appellant did not respond to the notice from the Clerk of Board affording him an opportunity to explain his filing delay.

The appellant's dissatisfaction with the consequences of the settlement agreement and his claim that the agreement was coerced do not show how the circumstances surrounding the agreement interfered with his ability to timely file his petition for review. *Eagleheart v. U.S. Postal Service*, 102 M.S.P.R. 672, ¶ 13 (2006). Likewise, his arguments on the merits of the underlying overpayment are not relevant to the timeliness issue. PFR File, Tab 1 at 9; *see Wright v. Department of the Treasury*, 113 M.S.P.R. 124, ¶ 7 (2010) (finding that the appellant's assertions regarding the merits of a case did not establish good cause for an untimely filed petition for review); *Gaines v. U.S. Postal Service*, 96 M.S.P.R. 504, ¶ 7 (2004) (explaining that the appellant's arguments on the merits of the underlying action are not relevant to the timeliness issue). Thus, we find that the appellant has failed to demonstrate due diligence or ordinary

prudence that would excuse his late filing and no good cause exists for the filing delay.

Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the appellant's FERS annuity overpayment appeal.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

FOR THE BOARD:          _____
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.